UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC.,<br>      Plaintiff,<br><br>   v.<br><br>TOSHIBA CORPORATION,<br>      Defendant. | Case No. 5:15-cv-02543-BLF<br><br>**OMNIBUS ORDER RE:**<br>**ADMINISTRATIVE MOTIONS TO**<br>**SEAL DOCUMENTS**<br><br>[Re: ECF 157, 159, 163, 167] |

Before the Court are four administrative motions to seal, two from Plaintiff Tessera, Inc., and two from Defendant Toshiba Corp. *See* Mots., ECF 157, 159, 163, 167. The first two motions relate to the briefing on the parties' cross-motions for summary judgment. *See* ECF 157, 159. The latter two relate to Tessera's motion to strike certain portions of Toshiba's opposition to Tessera's motion for summary judgment. *See* ECF 163, 167. For the reasons discussed below, all four motions are GRANTED IN PART and DENIED IN PART.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79.

1  However, "while protecting the public's interest in access to the courts, we must remain
2  mindful of the parties' right to access those same courts upon terms which will not unduly harm
3  their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed.
4  Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the
5  merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto
6  Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need
7  for access to court records attached only to non-dispositive motions because those documents are
8  often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving
9  to seal the documents attached to such motions must meet the lower "good cause" standard of
10  Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This
11  standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
12  information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
13  1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by
14  specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*,
15  966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery
16  may reflect the court's previous determination that good cause exists to keep the documents
17  sealed, *see Kamakana,* 447 F.3d at 1179-80, but a blanket protective order that allows the parties
18  to designate confidential documents does not provide sufficient judicial scrutiny to determine
19  whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference
20  to a stipulation or protective order that allows a party to designate certain documents as
21  confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

22  In addition to making particularized showings of good cause, parties moving to seal
23  documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R.
24  79-5(b), a sealing order is appropriate only upon a request that establishes the document is
25  "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under
26  the law." "The request must be narrowly tailored to seek sealing only of sealable material, and
27  must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the
28  submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable

United States District Court
Northern District of California

1  material" which "lists in table format each document or portion thereof that is sought to be
2  sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by
3  highlighting or other clear method, the portions of the document that have been omitted from the
4  redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
5  Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
6  79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The first two sealing motions, at ECF 157 and 159, are resolved under the compelling reasons standard, because the parties' summary judgment briefing is more than tangentially related to the merits of this case. The remaining motions, at ECF 163 and 167, are subject to the good cause standard because they accompany a motion to strike that is less than tangentially related to the merits. With these standards in mind, the Court rules on the instant motions as follows:

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
| --- | --- | --- | --- |
| 157-4 | Ex. 1 to Glasser Decl. | Designations highlighted in yellow SEALED. | Sealed material contains confidential business information. |
| 157-5 | Ex. 2 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-6 | Ex. 3 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-7 | Ex. 4 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-8 | Ex. 5 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-9 | Ex. 6 to Glasser Decl. | UNSEALED. | Not narrowly tailored to confidential business information. |
| 157-11 | Ex. 8 to Glasser Decl. | Designations highlighted in yellow SEALED. | Sealed material contains confidential business information. |
| 157-12 | Ex. 9 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-13 | Ex. 10 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-14 | Ex. 11 to Glasser Decl. | UNSEALED. | Not narrowly tailored to confidential business information. |
| 157-15 | Ex. 12 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |

| | | | |
|---|---|---|---|
| 157-16 | Ex. 13 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-17 | Ex. 15 to Glasser Decl. | UNSEALED. | Not narrowly tailored to confidential business information. |
| 157-18 | Ex. 16 to Glasser Decl. | UNSEALED. | Not narrowly tailored to confidential business information. |
| 157-19 | Ex. 17 to Glasser Decl. | UNSEALED. | Not narrowly tailored to confidential business information. |
| 157-20 | Ex. 18 to Glasser Decl. | UNSEALED. | Not narrowly tailored to confidential business information. |
| 157-21 | Ex. 19 to Glasser Decl. | UNSEALED. | Not narrowly tailored to confidential business information. |
| 157-22 | Ex. 20 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-23 | Ex. 21 to Glasser Decl. | UNSEALED. | Not narrowly tailored to confidential business information. |
| 157-24 | Ex. 22 to Glasser Decl. | UNSEALED. | Not narrowly tailored to confidential business information. |
| 157-25 | Ex. 23 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-26 | Ex. 24 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-27 | Ex. 26 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-28 | Ex. 27 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-30 | Ex. 28 to Glasser Decl. | Designations highlighted in yellow SEALED. | Sealed material contains confidential business information. |
| 157-31 | Ex. 29 to Glasser Decl. | UNSEALED. | Not narrowly tailored to confidential business information. |
| 157-32 | Ex. 30 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-33 | Ex. 31 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-34 | Ex. 32 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-35 | Ex. 33 to Glasser Decl. | SEALED. | Sealed material contains confidential business information. |
| 157-37 | Ex. 34 to Glasser Decl. | Designations highlighted in yellow SEALED. | Sealed material contains confidential business information. |
| 157-39 | Ex. 35 to Glasser Decl. | Designations highlighted in yellow SEALED. | Sealed material contains confidential business information. |

| | | | |
|---|---|---|---|
| 157-41 | Declaration of Lisa S. Glasser in opposition to Toshiba's motion for summary judgment | Designations highlighted in yellow SEALED. | Sealed material contains confidential business information. |
| 157-43 | Declaration of Christopher M. Pickett in opposition to Toshiba's motion for summary judgment | Designations highlighted in yellow SEALED. | Sealed material contains confidential business information. |
| 157-45 | Tessera's opposition to Toshiba's motion for partial summary judgment | Designations highlighted in yellow at<br><br>i:7-10,<br>1:11-13, 17-26,<br>2:1-14, 18-19,<br>3:9-13, 20-21, 28<br>4:1-2, 8-28,<br>5:1-2, 5-7, 11-19, 24, 28 (company name only),<br>6:9-19,<br>7:17-19,<br>8:2-3, 11-20,<br>9:25-26,<br>10:3-9, 23-26,<br>12:8, 11-28,<br>13:1-8, 12-28,<br>14:1-3, 8-15, 21-25,<br>15:8-28,<br>16:1-11, 14-20,<br>17:20-22,<br>18:9-17, 26-27,<br>19:19-22,<br>20:14-16<br><br>SEALED; remainder UNSEALED. | Only sealed portions contain confidential business information. |

| 159-4 | Toshiba's opposition to Tessera's motion for summary judgment | Designations highlighted in yellow SEALED; remainder UNSEALED. | Only sealed portions contain confidential business information. |
|---|---|---|---|
| 159-5 | Ex. 1 to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 159-6 | Ex. 2 to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 159-7 | Ex. 3 to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 159-8 | Ex. 4 to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 159-9 | Ex. 5 to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 159-10 | Ex. 6 to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 159-11 | Ex. 7 to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 159-12 | Ex. 8 to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 159-13 | Ex. 12 to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 159-14 | Ex. 13 to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 159-15 | Ex. 14 to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 159-16 | Ex. 15 to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 159-17 | Ex. 16 to Liang Decl. | UNSEALED. | Not narrowly tailored to confidential business information. |
| 159-18 | Ex. 17 to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 159-19 | Ex. 18 to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 159-20 | Ex. 19 to Liang Decl. | UNSEALED. | Not narrowly tailored to confidential business information. |
| 163-4 | Tessera's motion to strike | Designations highlighted in yellow at<br><br>1:22-26,<br>4:21-22,<br>5:1-8, 10-14, 23-24, 27-28<br><br>SEALED; remainder UNSEALED. | Only sealed portions contain confidential business information. |

6

| 163-5 | Ex. 1 to Glucoft Decl. | SEALED. | Sealed material contains confidential business information. |
| 163-6 | Ex. 3 to Glucoft Decl. | UNSEALED. | Contains information designated as confidential by Toshiba, but Toshiba has not filed a declaration in support as required by Civ. L.R. 79-5(e)(1). |
| 163-7 | Ex. 4 to Glucoft Decl. | UNSEALED. | Contains information designated as confidential by Toshiba, but Toshiba has not filed a declaration in support as required by Civ. L.R. 79-5(e)(1). |
| 163-8 | Ex. 5 to Glucoft Decl. | UNSEALED. | Contains information designated as confidential by Toshiba, but Toshiba has not filed a declaration in support as required by Civ. L.R. 79-5(e)(1). |
| 167-4 | Toshiba's opposition to Tessera's motion to strike | Designations highlighted in green SEALED; remainder UNSEALED. | Sealed material contains confidential business information. |
| 167-5 | Ex. A to Liang Decl. | SEALED. | Sealed material contains confidential business information. |
| 167-6 | Ex. B to Liang Decl. | UNSEALED. | Not narrowly tailored to confidential business information. |
| 167-7 | Ex. C to Glucoft Decl. | Designations highlighted in green SEALED; remainder UNSEALED. | Sealed material contains confidential business information. |

The parties may renew their motions to seal the documents the Court has identified as not narrowly tailored or for which the designating party has not filed a declaration in support. Any renewed motions must comport with Civ. L.R. 79-5(d) and (e) and be filed by August 19, 2016.

**IT IS SO ORDERED.**

Dated: August 15, 2016

_____
BETH LABSON FREEMAN
United States District Judge

7