United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC.,<br>　　　　Plaintiff,<br>　　v.<br>TOSHIBA CORPORATION,<br>　　　　Defendant. | Case No.   5:15-cv-02543-BLF<br><br>**ORDER GRANTING IN PART MOTION TO SEAL**<br><br>[Re: ECF 172] |

Plaintiff Tessera, Inc. renews its motion to file under seal three documents relating to its motion for summary judgment. *See* Mot., ECF 172. Tessera's motion is GRANTED IN PART and DENIED IN PART.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed.

Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the

1   redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
2   Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
3   79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

**II.     DISCUSSION**

Tessera's sealing motion is resolved under the compelling reasons standard, because its motion for summary judgment is more than tangentially related to the merits of this case.

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 172-4 | Ex. 5 to Tessera's motion for partial summary judgment | Pages 85, 86:1-10, 98-101, 110-113, 127-129, 146-150, 152:13-153:25 SEALED. Pages 82-84, 86:11-89:25, 126, 151:1-152:12, 162 UNSEALED. | Only sealed material contains confidential business information. The following unsealed material is not confidential business information but rather describes routine business practices:<br>• whether Toshiba keeps records of its semiconductor manufacturing;<br>• whether Toshiba maintains organizational charts;<br>• what standard documents Toshiba provided to its third-party auditor; and<br>• whether Toshiba has employees who are knowledgeable about the technical specifications of Toshiba's products.<br><br>Conversations between counsel regarding the length of the deposition also are not confidential business information. |

| | | | |
|---|---|---|---|
| 172-6 | Ex. 19 to Tessera's motion for partial summary judgment | Pages<br><br>176:1-178:10, 179:2-15, 182:10-186:3, 246:25-250:13, 260-267, 292-295, 320:1-3<br><br>SEALED.<br><br>Pages<br><br>179:11-180:1, 179:16-182:9, 186:4-187:18, 244-246, 250:14-251:25, 320:4-25<br><br>UNSEALED. | Only sealed material contains confidential business information. The following unsealed material is not confidential business information:<br>• whether Powertech Technology Inc. makes packages for Toshiba;<br>• a general approximation of the number of package models Toshiba makes;<br>• the witness's estimate of the number of patents Tessera owns;<br>• the witness's proficiency with English;<br>• the witness's preparation for deposition; and<br>• whether Toshiba received an audit report from its third-party auditor (without discussing the contents or import of the report).<br><br>Conversations between counsel regarding whether the deposition is complete also are not confidential business information. |
| 172-8 | Ex. 28 to Tessera's motion for partial summary judgment | Pages<br><br>26-33, 56:5-6, 57:4-12,<br><br>SEALED.<br><br>Pages<br><br>1-5, 54-56:4, 56:7-57:3, 57:13-25, 82-86, 98-100<br><br>UNSEALED. | Only sealed material contains confidential business information.  The following unsealed material is not confidential business information:<br>• whether the witness negotiated the terms of the contract (without discussing the terms or contents of the contract);<br>• whether the witness was prepared to testify about the contract (without discussing the terms or contents of the contract);<br>• whether the witness was testifying on Toshiba's behalf; and<br>• the witness's preparation for deposition. |

**IT IS SO ORDERED.**

Dated: August 15, 2016

_____
BETH LABSON FREEMAN
United States District Judge