UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TOSHIBA CORPORATION,<br><br>    Defendant. | Case No. 15-cv-02543-BLF<br><br>**OMNIBUS ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS**<br><br>[Re: ECF 176, 178, 181] |

Before the Court are three administrative motions to seal, two from Plaintiff Tessera, Inc., and one from Defendant Toshiba Corp. *See* ECF 176, 178, 181. The motions relate to the briefing on the parties' cross-motions for summary judgment. For the reasons discussed below, the motions are GRANTED IN PART and DENIED IN PART.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.

Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the

2

1  redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
2  Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
3  79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The sealing motions at issue are resolved under the compelling reasons standard because motions for summary judgment are more than tangentially related to the merits of this case. With this standard in mind, the Court rules on the instant motions as follows:

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 176-3 | Toshiba's Reply to Tessera's Opposition to Toshiba's Motion for Summary Judgment | DENIED for deposition testimony designated as confidential for failure to provide sufficient reason to seal. GRANTED as to the remainder. | Contains discussions about and language from confidential license agreements between the parties, confidential communications between Tessera and Tessera's third-party business partners, directly quotes or references audit and royalty correspondence between the parties and deposition testimony that Toshiba and/or Tessera has designated as confidential, and information the Court previously sealed. ECF 51. |
| 176-4 | Ex. 1 to Liang Declr. | GRANTED | Contains excerpts from the deposition transcript of former Tessera employee Christopher Pickett that include discussion of the parties' confidential negotiation of the Agreement. |
| 178-4 | Tessera's Reply in Support of Motion for Partial Summary Judgment | DENIED for deposition testimony designated as confidential for failure to provide sufficient reason to seal. GRANTED as to the remainder. | Contains information the Court previously sealed (*see* ECF 51), confidential license negotiation documents, audit and royalty correspondence between the parties, and deposition testimony the parties have designated as confidential under the protective order in this case. |
| 178-5 | Ex. 1 to Reply | GRANTED | Contains information the Court previously sealed. *See* ECF 174. |
| 178-6 | Ex. 2 to Reply | DENIED | Contains excerpts from the deposition transcript of Toshiba employee Hiroshi Miyauchi that include information about Toshiba's business that Toshiba has represented is proprietary. Denied because the designating party did not provide a supporting declaration. |

| 181-4 | Ex. 6 to Glasser Declr. | GRANTED | Contains information the Court previously sealed. *See* ECF 51. |
|---|---|---|---|
| 181-6 | Ex. 11 to Glasser Declr. | GRANTED | Contains information the Court previously sealed. *See* ECF 51, 175. |
| 181-8 | Ex. 15 to Glasser Declr. | GRANTED | Contains information the Court previously sealed. *See* ECF 51, 170. |
| 181-10 | Ex. 16 to Glasser Declr. | GRANTED | Contains confidential terms and conditions of Tessera's licenses, including royalty rates and amounts, license fees, buy-down terms, and indemnity provisions. |
| 181-12 | Ex. 17 to Glasser Declr. | GRANTED | Contains confidential terms and conditions of Tessera's licenses, including royalty rates and amounts, license fees, buy-down terms, and indemnity provisions. |
| 181-14 | Ex. 18 to Glasser Declr. | GRANTED | Contains confidential terms and conditions of Tessera's licenses, including royalty rates and amounts, license fees, buy-down terms, and indemnity provisions. |
| 181-15 | Ex. 19 to Glasser Declr. | GRANTED | Contains confidential terms and conditions of Tessera's licenses, including royalty rates and amounts, license fees, buy-down terms, indemnity provisions, and information the Court previously sealed. *See* ECF 51, 175. |
| 181-18 | Ex. 22 to Glaser Declr. | GRANTED | Contains information the Court previously sealed. *See* ECF 51, 175. |

## III.   ORDER

For the foregoing reasons, the sealing motions at ECF 176, 178, and 181 are GRANTED IN PART and DENIED IN PART.  Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order.

**IT IS SO ORDERED.**

Dated:  August 24, 2016

_____
BETH LABSON FREEMAN
United States District Judge

4