# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

|  |  |
|---|---|
| TESSERA, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>TOSHIBA CORPORATION,<br><br>          Defendant. | Case No.  15-cv-02543-BLF<br><br>**OMNIBUS ORDER RE:<br>ADMINISTRATIVE MOTIONS TO<br>SEAL DOCUMENTS**<br><br>[Re: ECF 211, 213, 218] |

Before the Court are three administrative motions to seal, two from Defendant Toshiba Corp., and one from Plaintiff Tessera, Inc.  *See* ECF 211, 213, 218.  The motions relate to Toshiba's motion to extend the time to complete discovery and the hearing on the parties' motions for partial summary judgment.  For the reasons discussed below, the motions are GRANTED.

## I.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.

United States District Court<br>Northern District of California

United States District Court
Northern District of California

Cir. 2013).  Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.  *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."  Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the

2

redacted version."  Civ. L.R. 79-5(d)(1)(d).  "Within 4 days of the filing of the Administrative

Motion to File Under Seal, the Designating Party must file a declaration as required by subsection

79-5(d)(1)(A) establishing that all of the designated material is sealable."  Civ. L.R. 79-5(e)(1).

## II.   DISCUSSION

The sealing motions at issue are resolved under different standards.  The motions related to

Toshiba's motion to extend the time to complete discovery (ECF 211, 218) are resolved under the

good cause standard because the underlying motion is not a dispositive motion.  Toshiba's motion

to file under seal portions of the September 22, 2016 hearing transcript on summary judgment,

however, is resolved under the compelling reasons standard because a hearing on summary

judgment is more than tangentially related to the merits of this case.  With the standards in mind,

the Court rules on the instant motions as follows:

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 211-4 | Portions of the Motion to Change Time | GRANTED. | The redacted portions include information related to Toshiba's royalty payments pursuant to confidential license agreements between Toshiba and Tessera; findings of confidential royalty compliance inspections; and the business relationships between Tessera and a third-party service provider. |
| 211-5 | Ex. C to the Declaration of Fangzhou Qiu in Support of Toshiba's Motion to Change Time | GRANTED. | Contains information pertaining to the license terms and patents/technology involved in confidential license agreements between Toshiba and Tessera, confidential communications between Toshiba and Tessera, and royalty payments made by Toshiba pursuant to confidential license agreements. |
| 211-6 | Ex. E to the Declaration of Fangzhou Qiu in Support of Toshiba's Motion to Change Time | GRANTED. | Contain confidential information related to Tessera's business relationship with a third-party service provider. |

United States District Court
Northern District of California

3

United States District Court
Northern District of California

| 211-7 | Ex. F to the Declaration of Fangzhou Qiu in Support of Toshiba's Motion to Change Time | GRANTED. | Contain confidential information related to Tessera's business relationship with a third-party service provider. |
|---|---|---|---|
| 211-8 | Ex. G to the Declaration of Fangzhou Qiu in Support of Toshiba's Motion to Change Time | GRANTED. | Contain confidential information related to Tessera's business relationship with a third-party service provider. |
| 211-9 | Ex. H to the Declaration of Fangzhou Qiu in Support of Toshiba's Motion to Change Time | GRANTED. | Contain confidential information related to Tessera's business relationship with a third-party service provider. |
| 211-10 | Portions of Ex. N to the Declaration of Fangzhou Qiu in Support of Toshiba's Motion to Change Time | GRANTED. | Contain confidential address information and personal or private information of individuals and third parties. |
| 211-12 | Portions of Ex. O to the Declaration of Fangzhou Qiu in Support of Toshiba's Motion to Change Time | GRANTED. | Contain confidential address information and personal or private information of individuals and third parties. |
| 211-14 | Portions of Ex. P to the Declaration of Fangzhou Qiu in Support of Toshiba's Motion to Change Time | GRANTED. | Contain confidential address information and personal or private information of individuals and third parties. |
| 211-16 | Identified Portions of Ex. Q to the Declaration of Fangzhou Qiu in Support of Toshiba's Motion to Change Time | GRANTED. | Contain confidential address information and personal or private information of individuals and third parties. |

United States District Court
Northern District of California

| 211-18 | Identified Portions of Ex. R to the Declaration of Fangzhou Qiu in Support of Toshiba's Motion to Change Time | GRANTED. | Contain confidential address information and personal or private information of individuals and third parties. |
|---|---|---|---|
| 211-20 | Identified Portions of Ex. S to the Declaration of Fangzhou Qiu in Support of Toshiba's Motion to Change Time | GRANTED. | Contain confidential address information and personal or private information of individuals and third parties. |
| 211-22 | Identified Portions of Ex. W to the Declaration of Fangzhou Qiu in Support of Toshiba's Motion to Change Time | GRANTED. | Contains confidential emails, telephone, and facsimile numbers of Toshiba, Tessera, and KMPG personnel. |
| 211-24 | Ex. X to the Declaration of Fangzhou Qiu in Support of Toshiba's Motion to Change Time | GRANTED. | Summarizes the results of KPMG's inspection of royalty reporting by Toshiba allegedly pursuant to confidential license agreements. Contains information pertaining to the license terms and patents / technology involved in confidential license agreements between Toshiba and Tessera and confidential data regarding Toshiba product types, manufacturing, sales timing and volumes, and royalty payments, and confidential communications between Toshiba and KPMG regarding such inspections. |
| 213-3 | Identified Portions of the Transcript of the September 22, 2016 Hearing on Summary Judgment | GRANTED. | Contain information pertaining to the terms and technologies involved in confidential license agreements between the parties; confidential communications between the parties regarding the terms, technologies, patents, products, and royalty obligations related to their confidential license agreements; confidential communications between Toshiba and a third-party service provider related to confidential license agreements between the parties; and confidential license agreements between Tessera and third-party licensees and their confidential communications. |

| 218-4 | Identified Portions of Ex. 2 to the Declaration of Kim Meyer in Support of Tessera's Opposition to Toshiba's Motion to Change Time | GRANTED. | References the confidential findings of KPMG's audits of Toshiba. |
|-------|------------------------------------------------------------------------------------------------------------------------------------|----------|-------------------------------------------------------------------|
| 218-6 | Identified Portions of Ex. 3 to the Declaration of Kim Meyer in Support of Tessera's Opposition to Toshiba's Motion to Change Time | GRANTED. | References the confidential findings of KPMG's audits of Toshiba. |

For the foregoing reasons, the sealing motions at ECF 211, 213, and 218 are GRANTED.

**IT IS SO ORDERED.**

Dated: October 24, 2016

_Beth Labson Freeman_
BETH LABSON FREEMAN
United States District Judge