UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>TOSHIBA CORPORATION,<br><br>   Defendant. | Case No. 15-cv-02543-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY CUT-OFF FOR DEPOSITIONS**<br><br>[Re: ECF 212] |

Now before the Court is Defendant Toshiba Corporation's ("Toshiba") motion to extend the fact discovery deadline in this case. For the reasons set forth below, Toshiba's motion to extend time is GRANTED IN PART AND DENIED IN PART. In deciding this motion, the Court did not consider Toshiba's unauthorized reply brief, and now STRIKES it and the related administrative motion to seal. *See* Civ. L.R. 6-3(d) (granting the Court, not the parties, discretion to determine if additional briefing is necessary after a motion for extension of time and opposition are filed); ECF 222, 223.

Fact discovery in this case is set to close on October 31, 2016. *See* ECF 46, at 2. Toshiba now seeks an extension of this deadline through November 30, 2016, to allow it to take eight already noticed depositions of third party witnesses: Juan Gonzalez III, Paul Wesela, Robert Ballow, Jeffrey Ng, Brian Marcucci, Xavier Pucel, Jim Walker, and Joseph Unsworth. Mot., ECF 212. Toshiba claims that the witnesses are relevant to its case because they possess information regarding facts, circumstances, and documents upon which Tessera is relying to make its claim regarding the back royalties owed it by Toshiba. *Id.* at 5. Toshiba contends that it timely served deposition notices and attempted to serve notices for depositions prior to the fact discovery deadline, but cannot take the eight depositions it seeks to take by the deadline. *Id.* at 1. According to Toshiba, it would be "incredibly challenging" to coordinate the schedules of three separate

parties—Toshiba, Tessera, and the deponents—and granting the motion to extend time would reduce this burden. *Id.* at 2. Toshiba asserts that these depositions are highly relevant and may have substantial impact on disputed issues in this case, and that it would be substantially prejudiced if these depositions were precluded. *Id*. at 2, 4–5. Finally, Toshiba contends that Tessera would not be prejudiced were the Court to grant its motion. *Id.* at 5.

In opposition, Tessera argues that this Court should deny Toshiba's motion because Toshiba failed to meet the requirements of Local Rule 6-3(a). Opp'n 1, 4–5. Civil Local Rule 6-3 sets forth specific requirements for motions to change time. Specifically the moving party must file three documents: (1) a motion of no more than five pages, (2) a proposed order, and (3) a declaration. Civ. L.R. 6-3(a). The accompanying declaration must set forth "with particularity" the reasons for the enlargement of time, the efforts to obtain a stipulated time change, "the substantial harm or prejudice that would occur if the Court did not change the time," any prior time modifications in the case, and the effect of the modifications on the schedule for the case. Civ. L.R. 6-3(a)(1)–(6).

While Toshiba has indeed failed to comply with Local Rule 6-3, in that the declaration filed in support of its motion does not contain the required contents, the substance of Toshiba's motion provides sufficient facts to assess the merits of the motion. *Cf. Wilson v. Frito-Lay North*, No. 12-cv-1586, 2015 WL 846546, at *2 (N.D. Cal. Feb. 25, 2015) (denying motion to extend discovery because, among other reasons, plaintiffs did not provide any explanation of how (if at all) a denial of the motion would prejudice their case or why additional discovery was needed). Denying the motion for procedural deficiencies under these circumstances would elevate form over substance. The Court will construe the motion as proper under the rules and consider the merits of Toshiba's request. *See Linder v. Bridge*, No. 14-cv-3861, 2015 WL 1778608, at *3 (N.D. Cal. Apr. 17, 2015).

Tessera also asks the Court to deny Toshiba's motion because Toshiba was not diligent in seeking to complete discovery within the permissible timeframe, and thus has not shown good cause as required by Federal Rule of Civil Procedure 16. Opp'n 1–4. Under Rule 16, scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P.

16(b)(4). Pretrial scheduling orders may be modified if the dates scheduled "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The focus of the good cause inquiry is "on the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* "[C]entering the good cause analysis on the moving party's diligence prevents parties from profiting from carelessness, unreasonability, or gamesmanship, while also not punishing parties for circumstances outside their control." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944, 2014 WL 4954634, at *2 (N.D. Cal. Oct. 1, 2014) (citing *Orozco v. Midland Credit Mgmt. Inc.*, No. 12-cv-02585, 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013)).

Five of the eight individuals identified by Toshiba—Ng, Wesela, Pucel, Gonzalez, and Marcucci—were first identified as individuals that might have relevant information in Toshiba's October 14, 2015 initial disclosures. Opp'n 2; Ex. 1 to Meyer Decl. ISO Opp'n, ECF 219-2. Toshiba does not indicate when it first identified Ballow, Walker, or Unsworth as individuals that it might want to depose.

Toshiba first served notices of deposition and subpoenas on the KPMG witnesses, Gonzalez and Wesela, on June 23, 2016. Mot. 2. Toshiba attempted to schedule the depositions of Gonzalez and Wesela, but contends that they were uncooperative and that KPMG failed to respond to its communications regarding the depositions. *Id.* at 3. Gonzalez's individual deposition, as well as the KPMG 30(b)(6) deposition, are now confirmed for October 27, 2016. Opp'n 3. The remainder of the individuals identified by Toshiba were served months later: Ballow and Ng, also at KPMG, were served notices of deposition on October 6, 2016. Mot. 3. Marcucci and Pucel, both former Tessera employees, were served third party notices and subpoenas on October 12, 2016. Mot. 3. Messrs. Marcucci and Pucel are currently noticed for depositions on October 24 and 26, 2016. Mot. 4. Walker and Unsworth, employees of Gartner, were served by email and by leaving the subpoena with someone of suitable age at the witnesses' residences on October 6, 2016. *Id.* Toshiba offers no explanation for its delay in scheduling these depositions until the 11th hour.

The Court finds that Toshiba's motion adequately supports diligence as to Gonzalez and

3

Wesela, as Toshiba served them with notice of subpoenas for non-party witnesses several months before the close of discovery. However, Toshiba has not provided sufficient justification for its failure to serve the remaining desired deponents before the end of September 2016, only one month before the close of discovery. Toshiba itself admits that coordinating the schedules of three parties is "incredibly challenging," and thus it should have known that it might not be possible to schedule and take six depositions in the last month of fact discovery. Additionally, there is no claim that these individuals were unknown to Toshiba before the subpoenas were served. Toshiba merely states that it "intended to explore Gonzalez's and Wesela's knowledge before seeking other discovery on the audits." Mot. 3. Therefore, the Court finds that Toshiba could have served notice of these six depositions well before the close of discovery, but chose not to. Accordingly, the Court GRANTS Toshiba's motion as to Gonzalez and Wesela, but DENIES Toshiba's motion as to the rest without prejudice to the parties reaching an agreement otherwise. Toshiba shall have until November 15, 2016 to complete the depositions of Gonzalez and Wesela.[1]

**IT IS SO ORDERED.**

Dated: October 26, 2016

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] The Court recognizes that Toshiba may have already completed these depositions during the time its motion was pending. If that is the case, then no extension of the discovery cut off is authorized to accommodate other witnesses.