1

2

3

4

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

5

6

7

8

9

| | |
|---|---|
| TESSERA, INC., | Case No.  15-cv-02543-BLF |
|     Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO SEAL PORTIONS OF THE COURT'S ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT** |
| TOSHIBA CORPORATION, | |
|     Defendant. | [Re:  ECF 239] |

10

11      Before the Court is Plaintiff Tessera, Inc.'s ("Tessera") unopposed motion for

12 administrative relief to file under seal portions of the Court's November 7, 2016 order regarding

13 the motions for summary judgment.  Mot., ECF 239.  For the reasons discussed below, the motion

14 is GRANTED.

15   **I.      LEGAL STANDARD**

16      "Historically, courts have recognized a 'general right to inspect and copy public records

17 and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. of*

18 *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

19 U.S. 589, 597 & n. 7 (1978)).  Accordingly, when considering a sealing request, "a 'strong

20 presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

21 *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to

22 motions that are "more than tangentially related to the underlying cause of action" bear the burden

23 of overcoming the presumption with "compelling reasons" that outweigh the general history of

24 access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

25 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

26      However, "while protecting the public's interest in access to the courts, we must remain

27 mindful of the parties' right to access those same courts upon terms which will not unduly harm

28 their competitive interest."  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.

United States District Court<br>Northern District of California

United States District Court
Northern District of California

1    Cir. 2013).  Records attached to motions that are "not related, or only tangentially related, to the

2    merits of a case" therefore are not subject to the strong presumption of access.  *Ctr. for Auto*

3    *Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need

4    for access to court records attached only to non-dispositive motions because those documents are

5    often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving

6    to seal the documents attached to such motions must meet the lower "good cause" standard of

7    Rule 26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This

8    standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the

9    information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

10   1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated

11   by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins.*

12   *Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  A protective order sealing the documents during

13   discovery may reflect the court's previous determination that good cause exists to keep the

14   documents sealed, *see Kamakana*, 447 F.3d at 1179–80, but a blanket protective order that allows

15   the parties to designate confidential documents does not provide sufficient judicial scrutiny to

16   determine whether each particular document should remain sealed.  *See* Civ. L.R. 79-5(d)(1)(A)

17   ("Reference to a stipulation or protective order that allows a party to designate certain documents

18   as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

19        In addition to making particularized showings of good cause, parties moving to seal

20   documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R.

21   79-5(b), a sealing order is appropriate only upon a request that establishes the document is

22   "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

23   the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and

24   must conform with Civil L.R. 79-5(d)."  Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the

25   submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable

26   material" which "lists in table format each document or portion thereof that is sought to be

27   sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

28   highlighting or other clear method, the portions of the document that have been omitted from the

1   redacted version." Civ. L.R. 79-5(d)(1)(d).  "Within 4 days of the filing of the Administrative

2   Motion to File Under Seal, the Designating Party must file a declaration as required by subsection

3   79-5(d)(1)(A) establishing that all of the designated material is sealable."  Civ. L.R. 79-5(e)(1).

## II.   DISCUSSION

Because the sealing motion at issue relates to the Court's order on the parties' summary

judgment motions, which is more than tangentially related to the merits of the case, the motion is

resolved under the compelling reasons standard.

The parties seek to seal portions of the order that directly quote or reference the

confidential First or Second Amendments to the Agreement between the parties, confidential

license negotiation documents, or deposition testimony that Toshiba Corporation ("Toshiba")

and/or Tessera has designated as confidential.  Meyer Decl. ¶ 3, ECF 239-1.  The information

pertaining to Tessera's licensing program is a "critical trade secret" for Tessera, and is protected

against disclosure by confidentiality agreements between Tessera and its licensees.  *Id.* ¶ 4.

According to Tessera, disclosure of these nonpublic facts would materially impair Tessera's

ability to continue to license its technology successfully and would cause serious competitive

consequences to Tessera's business.  *Id.*

The parties also seek to seal portions of the order that relate to the technologies involved in

the confidential license agreements and communications between the parties, the latter of which

pertain to the terms, technologies, patents, products, and royalty obligations under the former.  Qiu

Decl. ¶ 4, ECF 239-2.  Toshiba avers that public disclosure of such information may cause

competitive harm to it by revealing Toshiba's confidential business, negotiation, and licensing

strategies.  *Id.* ¶¶ 4–6.

The Court finds these reasons compelling and the request narrowly tailored.  Accordingly,

the Court GRANTS Tessera's motion as to the identified portions of the order.

**IT IS SO ORDERED.**

Dated: November 16, 2016

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3