1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

TESSERA, INC.,

          Plaintiff,

     v.

TOSHIBA CORPORATION,

          Defendant.

Case No.  15-cv-02543-BLF

**ORDER RE JOINT STATUS REPORT FOLLOWING CASE MANAGEMENT CONFERENCE**

[Re: ECF 249]

On October 16, 2016, this Court granted in part Toshiba Corporation's ("Toshiba") motion for summary judgment and denied Tessera, Inc.'s ("Tessera") motion for partial summary judgment.  ECF 241.  In its order, the Court held that the TCC License Agreement is an infringement-based license that requires the payment of royalties only if Toshiba practices the claims of the unexpired, valid, and enforceable licensed Tessera patents.  *Id.* at 21.  Therefore, to prove breach of contract, Tessera must prove that Toshiba infringes or infringed the patents covered by the contract.

The parties then appeared for a case management conference ("CMC") to discuss the status of the case on November 17, 2016.  During the CMC, the Court confirmed Magistrate Judge Nathanael Cousins' ruling that the Patent Local Rules would apply to the discovery process in this case.  *See* ECF 243.  The Court also ordered the parties to submit a joint statement concerning the applicability of the Patent Local Rules.

Pursuant to the Court's order, the parties submitted a joint status report concerning the applicability of the Patent Local Rules.  ECF 249.  Although Tessera states that it does not intend to present infringement contentions in the present contract litigation, Toshiba requests that the Court set a deadline for Tessera to identify asserted patents and to provide disclosures pursuant to

United States District Court
Northern District of California

1  Patent Local Rules 3-1 and 3-2.  *Id.* at 2, 4.  Given the status of the case, the Court will require

2  Tessera to identify any asserted patents and provide disclosures pursuant to Patent Local Rules 3-1

3  and 3-2 by no later than December 2, 2016.

4       Although Toshiba requests that the Court set the remainder of the deadlines under the

5  Patent Local Rules as "N/A," the Court declines to do so as it is not precluding Tessera from

6  disclosing any patent infringement contentions.  Thus, in the event that Tessera submits

7  infringement contentions by the December 2, 2016, deadline, then the Patent Local Rules will be

8  triggered and all of the time lines set forth therein will apply to this case.  Insofar as Tessera has

9  indicated it does not intend to file infringement contentions, the Court will not, at this time,

10  modify the trial date or any other dates set in the case schedule.  Should Tessera disclose

11  infringement contentions, the parties may request further modification of the case schedule.

12       **IT IS SO ORDERED.**

13  Dated: November 29, 2016

14  
15  BETH LABSON FREEMAN
    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28