UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>TOSHIBA CORPORATION,<br><br>    Defendant. | Case No. 15-cv-02543-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 260] |

Before the Court is Plaintiff Tessera, Inc.'s ("Tessera") motion for administrative relief to file under seal portions of its motion for entry of judgment under rule 54(b) and for a stay of the proceedings ("Rule 54(b) Motion"). *See* ECF 260. For the reasons discussed below, the motion is GRANTED.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

1    mindful of the parties' right to access those same courts upon terms which will not unduly harm
2    their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.
3    Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the
4    merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto*
5    *Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need
6    for access to court records attached only to non-dispositive motions because those documents are
7    often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving
8    to seal the documents attached to such motions must meet the lower "good cause" standard of
9    Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This
10   standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
11   information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
12   1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated
13   by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins.*
14   *Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during
15   discovery may reflect the court's previous determination that good cause exists to keep the
16   documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows
17   the parties to designate confidential documents does not provide sufficient judicial scrutiny to
18   determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A)
19   ("Reference to a stipulation or protective order that allows a party to designate certain documents
20   as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").
21            In addition to making particularized showings of good cause, parties moving to seal
22   documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R.
23   79-5(b), a sealing order is appropriate only upon a request that establishes the document is
24   "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under
25   the law." "The request must be narrowly tailored to seek sealing only of sealable material, and
26   must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the
27   submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable
28   material" which "lists in table format each document or portion thereof that is sought to be

sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Because the sealing motion at issue relates to Tessera's Rule 54(b) Motion, which is more than tangentially related to the merits of the case, the instant motion is resolved under the compelling reasons standard.

Tessera seeks to seal portions of its Rule 54(b) Motion that directly quote or reference the confidential First Amendment to the Agreement between the parties and pertain to Tessera's confidential licensing program. Milkey Decl. ¶ 4, ECF 260-1. Tessera's licensing program is a critical trade secret for Tessera. *Id.* ¶ 5. Information related to Tessera's licensing program is generally protected against disclosure by confidentiality agreements between Tessera and its licensees. *Id.* Tessera asserts that disclosure of these nonpublic facts about Tessera's licensing program would materially impair Tessera's ability to continue to license its technology successfully and could cause serious competitive consequences to Tessera's business. *Id.*

The Court finds these reasons compelling and the request narrowly tailored. Accordingly, the Court GRANTS Tessera's motion as to the identified portions of its Rule 54(b) Motion.

**IT IS SO ORDERED.**

Dated: December 13, 2016

_____
BETH LABSON FREEMAN
United States District Judge