UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TOSHIBA CORPORATION,<br><br>    Defendant. | Case No. 15-cv-02543-BLF<br><br>**ORDER GRANTING TOSHIBA CORPORATION'S MOTION TO FILE UNDER SEAL MATERIALS RELATED TO TOSHIBA'S OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT**<br><br>[Re: ECF 267] |

Before the Court is Defendant Toshiba Corporation's ("Toshiba") motion for administrative relief to file under seal materials related to its opposition to Tessera, Inc.'s ("Tessera") motion for entry of final judgment under Rule 54(b) and for a stay ("Rule 54(b) Motion"). Mot., ECF 267. For the reasons discussed below, the Court GRANTS Toshiba's motion.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm

1    their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.
2    Cir. 2013).  Records attached to motions that are "not related, or only tangentially related, to the
3    merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto*
4    *Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need
5    for access to court records attached only to non-dispositive motions because those documents are
6    often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving
7    to seal the documents attached to such motions must meet the lower "good cause" standard of
8    Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This
9    standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
10   information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
11   1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated
12   by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins.*
13   *Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  A protective order sealing the documents during
14   discovery may reflect the court's previous determination that good cause exists to keep the
15   documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows
16   the parties to designate confidential documents does not provide sufficient judicial scrutiny to
17   determine whether each particular document should remain sealed.  *See* Civ. L.R. 79-5(d)(1)(A)
18   ("Reference to a stipulation or protective order that allows a party to designate certain documents
19   as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").
20          In addition to making particularized showings of good cause, parties moving to seal
21   documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R.
22   79-5(b), a sealing order is appropriate only upon a request that establishes the document is
23   "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under
24   the law." "The request must be narrowly tailored to seek sealing only of sealable material, and
25   must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the
26   submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable
27   material" which "lists in table format each document or portion thereof that is sought to be
28   sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

1  highlighting or other clear method, the portions of the document that have been omitted from the
2  redacted version." Civ. L.R. 79-5(d)(1)(d).  "Within 4 days of the filing of the Administrative
3  Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
4  79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Because the sealing motion at issue relates to Toshiba's opposition to Tessera's Rule 54(b) Motion, which is more than tangentially related to the merits of the case, the instant motion is resolved under the compelling reasons standard.

Toshiba seeks to seal Exhibit 2 to the Declaration of Amy Liang in Support of Toshiba's opposition to Tessera's Rule 54(b) Motion. Mot. 1. Exhibit 2 is a copy of Tessera's response to Toshiba's third set of interrogatories, and contains information pertaining to the terms and royalty obligations involved in confidential license agreements between Toshiba and Tessera. Qiu Decl. ¶ 4, ECF 267-1. The Exhibit also contains information pertaining to the findings of confidential royalty compliance inspections allegedly pursuant to the confidential license agreements. *Id.* Although Tessera has designated this Exhibit as confidential, both parties make effort to prevent disclosure of the information contained therein. *Id.* Moreover, Toshiba declares that public disclosure of Exhibit 2 may cause competitive harm to Toshiba, Tessera, and related third parties by revealing their confidential business strategies. *Id.*

The Court finds these reasons compelling and the request narrowly tailored. Accordingly, the Court GRANTS Toshiba's motion to seal Exhibit 2 to its opposition to Tessera's Rule 54(b) Motion.

**IT IS SO ORDERED.**

Dated: December 27, 2016

_____
BETH LABSON FREEMAN
United States District Judge

3