UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>TOSHIBA CORPORATION,<br><br>       Defendant. | Case No. 15-cv-02543-BLF<br><br>**OMNIBUS ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS**<br><br>[Re: ECF 302, 304] |

Before the Court are two administrative motions to seal, one from Plaintiff Tessera, Inc., and one from Defendant Toshiba Corp. *See* ECF 302, 304. The motions relate to the briefing on the parties' cross-motions for summary judgment. For the reasons discussed below, the motions are GRANTED IN PART AND DENIED IN PART.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be

1  sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

2  highlighting or other clear method, the portions of the document that have been omitted from the

3  redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative

4  Motion to File Under Seal, the Designating Party must file a declaration as required by subsection

5  79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

**II. DISCUSSION**

The sealing motions at issue are resolved under the compelling reasons standard because motions for summary judgment are more than tangentially related to the merits of this case. With this standard in mind, the Court rules on the instant motions as follows:

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 302-4 | Tessera's Motion for Partial Summary Judgment | GRANTED as to highlighted portions. | Contains confidential information pertaining to Tessera's confidential licensing program—a critical trade secret for Tessera. Glucoft Decl. ¶ 9, ECF 302-1. |
| 302-6 | Ex. 1 to Tessera's Motion for Partial Summary Judgment | GRANTED as to highlighted portions. | Contains confidential information pertaining to Tessera's confidential licensing program—a critical trade secret for Tessera. Glucoft Decl. ¶ 9. |
| 302-7 | Ex. 2 to Tessera's Motion for Partial Summary Judgment | GRANTED. | Contains confidential information pertaining to Tessera's confidential licensing program—a critical trade secret for Tessera. Glucoft Decl. ¶ 9. |
| 302-8 | Ex. 3 to Tessera's Motion for Partial Summary Judgment | GRANTED. | Contains confidential information pertaining to Tessera's confidential licensing program—a critical trade secret for Tessera. Glucoft Decl. ¶ 9. |
| 302-9 | Ex. 4 to Tessera's Motion for Partial Summary Judgment | DENIED. | Contains excerpts from the deposition transcript of Toshiba employee Ikuko Shimogawara. Denied because the designating party did not provide a supporting declaration. |

| | | | |
|---|---|---|---|
| 302-10 | Ex. 5 to Tessera's Motion for Partial Summary Judgment | GRANTED. | Contains confidential information pertaining to Tessera's confidential licensing program—a critical trade secret for Tessera.  Glucoft Decl. ¶ 9. |
| 302-11 | Ex. 6 to Tessera's Motion for Partial Summary Judgment | GRANTED. | Contains confidential information pertaining to Tessera's confidential licensing program—a critical trade secret for Tessera.  Glucoft Decl. ¶ 9. |
| 302-12 | Ex. 7 to Tessera's Motion for Partial Summary Judgment | DENIED. | Contains excerpts from the deposition transcript of Toshiba employee Jun Oomori.  Denied because the designating party did not provide a supporting declaration. |
| 302-14 | Ex. 8 to Tessera's Motion for Partial Summary Judgment | GRANTED as to the highlighted portions. | Contains confidential information pertaining to Tessera's confidential licensing program—a critical trade secret for Tessera.  Glucoft Decl. ¶ 9. |
| 302-15 | Ex. 9 to Tessera's Motion for Partial Summary Judgment | GRANTED. | Contains confidential information pertaining to Tessera's confidential licensing program—a critical trade secret for Tessera.  Glucoft Decl. ¶ 9. |
| 304-3 | Toshiba's Motion for Partial Summary Judgment | GRANTED as to the highlighted portions. | Contains information pertaining to terms, patents, technology, and royalty payments related to confidential license agreements between Toshiba and Tessera, confidential communications among Toshiba, Tessera, and related third parties, and performance and findings of confidential royalty compliance inspections.  Qiu Decl. ¶ 4, ECF 304-1. |
| 304-5 | Liang Decl. ISO Toshiba's Motion for Partial Summary Judgment ("Liang Decl.") | GRANTED as to the highlighted portions. | Contains information pertaining to patents involved in confidential license agreements between Toshiba and Tessera.  Qiu Decl. ¶ 5. |

| | | | |
|---|---|---|---|
| 304-7 | Ex. 1 to Liang Decl. | GRANTED as to the highlighted portions. | Contains information pertaining to terms of and patents/technology involved in confidential license agreements between Toshiba and Tessera.  Qiu Decl. ¶ 6. |
| 304-9 | Ex. 2 to Liang Decl. | GRANTED as to the highlighted portions. | Contains information pertaining to terms, technologies, and royalty payments related to confidential license agreements between Toshiba and Tessera and confidential communications between Toshiba and Tessera.  Qiu Decl. ¶7. |
| 304-11 | Ex. 3 to Liang Decl. | GRANTED. | Contains information pertaining to terms of and patents/technology involved in confidential license agreements between Toshiba and Tessera.  Qiu Decl. ¶8. |
| 304-12 | Ex. 4 to Liang Decl. | GRANTED. | Contains information pertaining to terms of and patents/technology involved in confidential license agreements between Toshiba and Tessera.  Qiu Decl. ¶8. |
| 304-13 | Ex. 5 to Liang Decl. | GRANTED. | Deposition transcript of current or past personnel of a third-party service provider that contains information pertaining to confidential communications among Toshiba, Tessera, and the third-party service provider and performance and findings of confidential royalty compliance inspections.  Qiu Decl. ¶ 9. |
| 304-14 | Ex. 6 to Liang Decl. | GRANTED. | Deposition transcript of current or past personnel of a third-party service provider that contains information pertaining to confidential communications among Toshiba, Tessera, and the third-party service provider and performance and findings of confidential royalty compliance inspections.  Qiu Decl. ¶ 9. |
| 304-15 | Ex. 7 to Liang Decl. | GRANTED as to the highlighted portions. | Contains confidential email addresses, telephone and facsimile numbers, and addresses of Toshiba, Tessera, and third-party personnel.  Qiu Decl. ¶ 10. |
| 304-17 | Ex. 8 to Liang Decl. | GRANTED as to the highlighted portions. | Contains confidential email addresses, telephone and facsimile numbers, and addresses of Toshiba, Tessera, and third-party personnel.  Qiu Decl. ¶ 10. |

| | | | |
|---|---|---|---|
| 304-19 | Ex. 9 to Liang Decl. | GRANTED as to the highlighted portions. | Contains confidential email addresses, telephone and facsimile numbers, and addresses of Toshiba, Tessera, and third-party personnel. Qiu Decl. ¶ 10. |
| 304-21 | Ex. 10 to Liang Decl. | GRANTED as to the highlighted portions. | Contains confidential email addresses, telephone and facsimile numbers, and addresses of Toshiba, Tessera, and third-party personnel. Qiu Decl. ¶ 10. |
| 304-23 | Ex. 11 to Liang Decl. | GRANTED as to the highlighted portions. | Contains confidential email addresses, telephone and facsimile numbers, and addresses of Toshiba, Tessera, and third-party personnel. Qiu Decl. ¶ 10. |
| 304-25 | Ex. 12 to Liang Decl. | GRANTED. | Contains information pertaining to confidential communications among Toshiba, Tessera, and a third-party service provider, performance and findings of confidential royalty compliance inspections, and Toshiba's royalty payments and products/ technologies related to confidential license agreements between Toshiba and Tessera. Qiu Decl. ¶ 11. |
| 304-26 | Ex. 13 to Liang Decl. | GRANTED. | Contains information pertaining to confidential communications among Toshiba, Tessera, and a third-party service provider, performance and findings of confidential royalty compliance inspections, and Toshiba's royalty payments and products/ technologies related to confidential license agreements between Toshiba and Tessera. Qiu Decl. ¶ 11. |
| 304-27 | Ex. 14 to Liang Decl. | GRANTED. | Contains information pertaining to confidential communications among Toshiba, Tessera, and a third-party service provider, performance and findings of confidential royalty compliance inspections, and Toshiba's royalty payments and products/ technologies related to confidential license agreements between Toshiba and Tessera. Qiu Decl. ¶ 11. |

| | | | |
|---|---|---|---|
| 304-28 | Ex. 15 to Liang Decl. | GRANTED. | Contains information pertaining to confidential communications among Toshiba, Tessera, and a third-party service provider, performance and findings of confidential royalty compliance inspections, and Toshiba's royalty payments and products/technologies related to confidential license agreements between Toshiba and Tessera.  Qiu Decl. ¶ 11. |
| 304-29 | Ex. 16 to Liang Decl. | GRANTED. | Contain information pertaining to confidential communications between Toshiba and Tessera related to confidential royalty compliance inspections and Toshiba's products/technology and royalty payments related to confidential license agreements between Toshiba and Tessera.  Qiu Decl. ¶ 12. |
| 304-30 | Ex. 17 to Liang Decl. | GRANTED. | Contain information pertaining to confidential communications between Toshiba and Tessera related to confidential royalty compliance inspections and Toshiba's products/technology and royalty payments related to confidential license agreements between Toshiba and Tessera.  Qiu Decl. ¶ 12. |
| 304-31 | Ex. 18 to Liang Decl. | GRANTED. | Contains information pertaining to confidential communications among Toshiba, Tessera, and a third-party service provider, performance and findings of confidential royalty compliance inspections, and Toshiba's royalty payments and products/technologies related to confidential license agreements between Toshiba and Tessera.  Qiu Decl. ¶ 11. |
| 304-32 | Ex. 19 to Liang Decl. | GRANTED. | Contain information pertaining to confidential internal communications among Tessera employees about Toshiba's royalty obligations and payments pursuant to confidential license agreements between the parties.  Qiu Decl. ¶ 13. |

| | | | |
|---|---|---|---|
| 304-33 | Ex. 20 to Liang Decl. | GRANTED. | Contain information pertaining to confidential internal communications among Tessera employees about Toshiba's royalty obligations and payments pursuant to confidential license agreements between the parties. Qiu Decl. ¶ 13. |
| 304-34 | Ex. 21 to Liang Decl. | GRANTED. | Contain information pertaining to confidential internal communications among Tessera employees about Toshiba's royalty obligations and payments pursuant to confidential license agreements between the parties. Qiu Decl. ¶ 13. |
| 304-35 | Ex. 22 to Liang Decl. | GRANTED. | Contain information pertaining to confidential internal communications among Tessera employees about Toshiba's royalty obligations and payments pursuant to confidential license agreements between the parties. Qiu Decl. ¶ 13. |
| 304-36 | Ex. 23 to Liang Decl. | GRANTED. | Contain information pertaining to confidential internal communications among Tessera employees about Toshiba's royalty obligations and payments pursuant to confidential license agreements between the parties. Qiu Decl. ¶ 13. |
| 304-37 | Ex. 24 to Liang Decl. | GRANTED. | Contains a compilation of technology and market reports created by a third-party research organization. Qiu Decl. ¶ 14. |
| 304-38 | Ex. 26 to Liang Decl. | GRANTED. | Contains information pertaining to confidential communications between Toshiba and Tessera regarding patents and technology allegedly related to confidential license agreements between Toshiba and Tessera. Qiu Decl. ¶ 15. |
| 304-39 | Ex. 27 to Liang Decl. | GRANTED. | Contains information pertaining to confidential communications between Toshiba and Tessera regarding patents and technology allegedly related to confidential license agreements between Toshiba and Tessera. Qiu Decl. ¶ 15. |

### III.   ORDER

For the foregoing reasons, the sealing motions at ECF 302 and 304 are GRANTED IN

1  PART and DENIED IN PART.  Under Civil Local Rule 79-5(e)(2), for any request that has been

2  denied because the party designating a document as confidential or subject to a protective order

3  has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser

4  redacted) documents into the public record no earlier than 4 days and no later than 10 days from

5  the filing of this order.

6  **IT IS SO ORDERED.**

8  Dated: February 13, 2017

_____
BETH LABSON FREEMAN
United States District Judge