FILED

NOV 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TESSERA, INC., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> TOSHIBA CORPORATION, <br><br> Defendant-Appellee. | No. 17-15634 <br><br> D.C. No. 5:15-cv-02543-BLF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted October 15, 2018
San Francisco, California

Before: HAWKINS and HURWITZ, Circuit Judges, and ROSENTHAL,** District Judge.

The district court granted partial summary judgment to Toshiba Corporation against Tessera, Inc. on the issue of whether the parties' licensing agreement creates a patent-based royalty obligation. The district court certified its order as final under

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Federal Rule of Civil Procedure 54(b) with regard to Tessera's third cause of action, and this interlocutory appeal followed.

"Even though a decision is certified under Rule 54(b), this court must make sure it is dealing with a final judgment before exercising its jurisdiction." *Ariz. State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991). Thus, "Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–98 (9th Cir. 1991) (internal quotation marks omitted).

Our review proceeds in two steps. *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015). First, "[w]e review de novo the juridical concerns determination, . . . asking whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to this court on the same set of facts." *Id.* (internal quotation marks and alteration omitted). Second, we review for abuse of discretion, and give special deference to, the district court's assessment of the equities. *Id.* Here, our decision rests on the first step.

Tessera's third cause of action seeks a declaration that Toshiba is obligated to pay royalties on certain products. The partial summary judgment order before us held that the parties' licensing agreement and its amendment do not create a product-based (as opposed to patent-based) royalty obligation. Yet, as Tessera indicated at oral argument, it may seek additional discovery and still attempt to prove at trial that

Toshiba owed royalties on the products at issue in its third cause of action under a patent-based interpretation of the contract. Thus, the order does not resolve a separable claim; it simply resolves one theory regarding the nature of Toshiba's royalty obligation under the licensing agreement rather than whether that obligation attaches to the products in question. Consequently, the "order does not present final adjudication of a complete claim on the facts, the theories for relief, or the parties." *Id.* at 629 (reversing certification of order resolving Fourth Amendment issue rather than separate claim); *see also Wood v. GCC Bend, LLC*, 422 F.3d 873, 879–80 (9th Cir. 2005) (reversing certification of order resolving wrongful constructive discharge claim because of the claim's close relation to all other constructive discharge based claims still pending).

Accordingly, we dismiss this appeal for lack of appellate jurisdiction.

All pending motions are denied as moot.

**CERTIFICATION REVERSED; APPEAL DISMISSED; CASE REMANDED.**