**BAKER BOTTS LLP**
G. Hopkins Guy, III (124811) hop.guy@bakerbotts.com
Amy K. Liang (291910) amy.liang@bakerbotts.com
Tina Jing Yang (304870) tina.yang@bakerbotts.com
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

Michael Hawes (*Pro Hac Vice*) michael.hawes@bakerbotts.com
Scott Partridge (*Pro Hac Vice*) scott.partridge@bakerbotts.com
Ali Dhanani (*Pro Hac Vice*) ali.dhanani@bakerbotts.com
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1750
Facsimile: (713) 229-7750

David M. Genender (*Pro Hac Vice*) david.genender@bakerbotts.com
2001 Ross Avenue, Suite 700
Dallas, Texas 75201
Telephone: (214) 953-6500

**COBLENTZ PATCH DUFFY & BASS LLP**
Lawrence J. Siskind (85628) lsiskind@coblentzlaw.com
One Embarcadero Center, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
Facsimile: (415) 989-1663

Attorneys for Defendant
TOSHIBA CORPORATION

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| TESSERA, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOSHIBA CORPORATION, <br><br> Defendants. | Case No.  5:15-cv-02543-BLF <br><br> **DEFENDANT TOSHIBA CORP.'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TOSHIBA'S RE-FILED SECOND MOTION FOR SUMMARY JUDGMENT** <br><br> DATE:  August 8, 2019 <br> TIME:  9:00 A.M <br> COURTROOM: 3 - 5th Floor <br> Hon. Beth Labson Freeman <br><br> REDACTED VERSION |

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF THE ARGUMENT ............................................................ 1

II. LEGAL STANDARDS ................................................................................................................ 2

III. ARGUMENT AND ANALYSIS .................................................................................................. 3

   A. Toshiba Owes No Royalties Under the TCC License (Tessera's Counts I and II) ............. 3

      i. Tessera Did Not Serve Infringement Contentions or Identify Patents Under PLRs ..... 3

      ii. California Statute of Limitations Bars Claims for Royalties Accrued Before May 2011 ................................................................................................... 5

   B. Tessera's Audits Cannot and Did Not Create Independent Obligations Beyond the Patent Infringement-Based Obligations of the TCC License (Tessera's Counts I and II, Toshiba's Count II, ¶23) ............................................... 6

      i. Audits Cannot Create Non-Contractual Royalty Obligations ...................................... 7

      ii. "Final" Audit Findings Can Be Challenged in Court Under the Dispute Resolution Provision in the Governing Law Clause of the TCC License ................... 8

      iii. Tessera's Claims for Amounts Reported in KPMG's 2011 Report are Time-Barred ................................................................................................... 10

      iv. Tessera's Claims for Any Amounts Accrued Prior to May 2011 are Time-Barred ................................................................................................... 10

      v. 2015 KPMG Report Was Not an Audit Under the TCC License or Industry Standards ................................................................................................. 11

      vi. Toshiba Provided All Records as Required Under the Financial Audit Clause ......... 12

   C. Toshiba's February 2016 Termination was Effective Because Tessera Failed to Prove Toshiba's Use of the Relevant Tessera Patents (Toshiba's Count III) .............................. 13

      i. Tessera Patents Licensed Under the TCC License Consist of Those "Issued Patents Set Forth in Attachment A" of the 1999 TCC License ..................... 14

      ii. Tessera Failed to Carry Its Burden to Show Infringement Against Toshiba's Declaratory Judgment Claim ...................................................................... 14

IV. CONCLUSION ........................................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ........................................................................................................... 2

*Blonder–Tongue Laboratories, Inc. v. University of Ill. Foundation*,
  402 U.S. 313 (1971) ........................................................................................................... 2

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ........................................................................................................... 2

*City of Pomona v. SQM N. Am. Corp.*,
  750 F.3d 1036 (9th Cir. 2014) ........................................................................................... 2

*Finisar Corp. v. Nistica, Inc.*,
  Case No. 12-cv-03345-BLF, Dkt. 367 (N.D. Cal. Dec. 1, 2015) ....................................... 5

*Gabriel Tech. Corp. v. Qualcomm Inc.*,
  857 F. Supp. 2d 997 (S.D. Cal. 2012) ............................................................................... 6

*Gilkyson v. Disney Enterprises, Inc.*,
  244 Cal.App.4th 1336 (2016) ............................................................................................ 6

*Medtronic, Inc. v. Mirowski Family Ventures, LLC*,
  134 S. Ct. 843 (2014) ............................................................................................... 2, 3, 14

*Perez-Encinas v. AmerUs Life Ins. Co.*,
  468 F. Supp. 2d 1127 (N.D. Cal. 2006) ............................................................................ 6

*Tessera v. UTAC*,
  No. 5:10-cv-04435-EJD (N.D. Cal. 2012), Dkt. Nos. 241, 384, 425 ................................ 4

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 56 ..................................................................................... 1, 2

Local Rules 3-1 and 3-2 ............................................................................................................ 1

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: TAKE NOTICE that on August 8, 2019 at 9:00 a.m. in the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California, 95113, Toshiba Corporation ("Toshiba") will and hereby does move for an order granting summary judgment as set forth below.

Toshiba moves pursuant to Federal Rule of Civil Procedure 56 for Summary Judgment in its favor on: Tessera's Count I (Breach of Contract) regarding royalty obligations, the audit provision, and Toshiba's termination under the TCC License Agreement ("TCC License") (Ex. 1); Tessera's Count II (Breach of Implied Covenant of Good Faith and Fair Dealing) regarding the same issues; Toshiba's Count II, ¶ 23 (Declaratory Judgment on Audit) regarding dispute resolution of financial audits; and Toshiba's Count III (Declaratory Judgment on Termination) regarding Toshiba's termination upon non-use of the relevant Tessera Patents licensed under the TCC License. Dkt. 87 at 3-4; Dkt. 90-1 at 17-18.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Introduction and Summary of the Argument**

This entire case is based on the TCC License, which the Court ruled is a patent "infringement-based license requiring payment of royalties *only if* Toshiba practices the claims of the unexpired, valid, and enforceable licensed patents." Dkt. 241 at 21 (emphasis added). The Supreme Court has held that licensors like Tessera bear the burden of proof to show infringement. This Court gave Tessera until December 2, 2016 to "identify any asserted patents and provide disclosures pursuant to Patent Local Rules 3-1 and 3-2." Dkt. 253 at 2.

Tessera did not identify any asserted patents by December 2, 2016. Tessera did not identify any patent claims it is asserting in this case against any accused products or provide any patent infringement contentions or patent disclosures under the Patent Local Rules ("PLRs"). *See* Decl. of A. Liang at ¶ 3; Ex. 2 at 170:4-21. Every count listed above—every count on which Toshiba moves for summary judgment—is rooted in the patent infringement-based TCC License and should be granted in light of Tessera's failure to identify and support any claim of infringement.

## II. Legal Standards

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists and the court must view the evidence in the light most favorable to the non-movant. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049-50 (9th Cir. 2014). However, the mere existence of some evidence in support of the nonmoving party will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"Must the patentee prove infringement or must the licensee prove noninfringement?" *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 849 (2014). The Supreme Court unanimously held that under a patent license agreement, "***the burden of persuasion is with the patentee***, just as it would be had the patentee brought an infringement suit." *Id.* (emphasis added). The Supreme Court found that legal logic, practical considerations, and public interest all support the conclusion that the burden of proof remains with the patentee. *Id.* at 849-52. For instance,

> ***A patent holder is in a better position than an alleged infringer to know, and to be able to point out, just where, how, and why a product (or process) infringes a claim of that patent. Until he does so, however, the alleged infringer may have to work in the dark, seeking, in his declaratory judgment complaint, to negate every conceivable infringement theory.***

*Id.* at 850. A licensee's declaratory judgment claim does not shift the patentee's burden of proving infringement. *Id.* "[W]hen a licensee seeks a declaratory judgment against a patentee to establish that there is no infringement, ***the burden of proving infringement remains with the patentee***." *Medtronic*, 134 S. Ct. at 846 (emphasis added). If the licensor cannot show infringement, then the licensee does not owe royalties because "[a] patentee 'should not be. . . allowed to exact royalties for the use of an idea. . . that is beyond the scope of the patent monopoly granted.'" *Id.* at 851–52 (2014) (citing *Blonder–Tongue Laboratories, Inc. v. University of Ill. Foundation*, 402 U.S. 313, 349–350 (1971)).

**III. <u>Argument and Analysis</u>**

Tessera's Counts I and II must fail. The Court should grant summary judgment in favor of Toshiba on Tessera's Counts I and II because:

> (1) No royalties are owed because Tessera has not properly alleged patent coverage.
>
> (2) The audits that Tessera commissioned cannot support a claim for damages because no infringement analysis was done to support them and no proper infringement analysis has been offered now. The numbers reported by those audits were not royalty calculations at all—they were estimates based on the wrong contract interpretation.
>
> (3) The term "final" in the Financial Audit provision of the Agreement does not create an independent and non-challengeable obligation to pay. The dispute resolution provision in the Governing Law clause says "***any*** disputes, controversies, claims or difference which may arise from, under, out of or in connection with this Agreement" can be litigated if the parties cannot mutually agree on a resolution. Ex. 1 at XVI.A (emphasis added).
>
> (4) Tessera has not alleged that Toshiba used any patents at the time that Toshiba terminated the TCC License. Thus, Toshiba's termination upon non-use was effective immediately upon Tessera's receipt of the termination letter. Additionally, all of the licensed Tessera Patents expired so the TCC License expired.

For reasons (3) and (4), the Court should also grant declaratory judgment in favor of Toshiba on and Toshiba's Count II, ¶23 (Dispute Resolution of Audit) and Count III (Termination).

**A. Toshiba Owes No Royalties Under the TCC License (Tessera's Counts I and II)**

    **i. Tessera Did Not Serve Infringement Contentions or Identify Patents Under PLRs**

Tessera has identified no asserted patents or asserted patent claims under the PLRs. Tessera has identified no accused products by name or model number under the PLRs. Tessera has the burden of proving infringement under the infringement-based TCC License. *Medtronic*, 134 S. Ct. 849-850. Tessera has not even attempted to carry that burden. Unless and until Tessera proves infringement, no royalties are due under the TCC License. Dkt. 241 at 21 ("the TCC License Agreement is an infringement-based license requiring payment of royalties only if Toshiba practices the claims of the unexpired, valid, and enforceable licensed patents."); Ex. 1 at III.B ("licensee shall pay running royalties for the license granted in Paragraph II.A. . . for TCCs made by Licensee hereunder"), at II.A ("grants Licensee a. . . limited license to the

1  Tessera Patents to package and/or assemble ICs in to TCCs and use or sell such TCCs"), at I.A
2  ("'TCC'. . . is the subject matter of certain Tessera Patents licensed hereunder."). It is notable
3  that in *Tessera, Inc. v. UTAC (Taiwan) Corp.*, after (as this Court noted) "[t]his very issue [of
4  contract interpretation] was addressed and decided," (Dkt. 241 at 11), Tessera identified and
5  asserted seven U.S. patents and five foreign patents against *UTAC*, and the parties followed the
6  PLRs until the case settled. *See Tessera v. UTAC*, No. 5:10-cv-04435-EJD (N.D. Cal. 2012),
7  Dkt. 384 (claim construction order), 425 (dismissal order). In this case, Tessera chose not to
8  identify or disclose any asserted patent claims or infringement contentions under the Patent
9  Local Rules.
10       As explained in Toshiba's first summary judgment motion on contract interpretation,
11  when the parties signed the 2002 First Amendment to the TCC License, ███████
12  ███████████████████████████. Dkt. 143, 139-23–139-29. At that time,
13  Toshiba ███████████████████████████████████
14  ███████████████████████████████. Dkt. 139-4 at 5-7. The parties
15  agreed that ███████████████████████████████████████
16  ███████████████████████████████████████████
17  ███████████, and Tessera has never shown infringement by those products thereafter.
18  Furthermore, Tessera has never shown infringement for anything beyond those agreed-upon and
19  paid-upon products.
20       With no patent claims asserted, no infringement theories disclosed, and no accused
21  products disclosed by the deadline in this case, Tessera cannot meet its burden to prove
22  infringement under the TCC License. Tessera therefore cannot prove Toshiba owes any royalties
23  beyond those Toshiba already paid. For this reason, summary judgment is proper as to Tessera's
24  Count I (First Cause of Action), which alleges that Toshiba has breached its contract with
25  Tessera by failing to "report and pay royalties" allegedly due to Tessera. Dkt. 87 at ¶ 17.
26  Likewise, as to Tessera's Count II (Second Cause of Action), which alleges that Toshiba
27  breached the implied warranty of good faith and fair dealing by failing to pay royalties it
28  contested and amounts reported in audits which had no patent infringement basis. No such

1    breach of good faith could have occurred if no royalties were due in the first instance.

2    Furthermore, Toshiba did pay in good faith on non-disputed products for 11 years and continued

3    to pay in good faith for another three years during the parties' dispute resolution discussions.

4          As this Court may recall, following the Court's early summary judgment order that the

5    TCC License is a patent infringement-based license, Judge Cousins instated the PLRs to

6    establish a structure for further discovery. Dkt. 243.  Although the Court offered a later trial date

7    to Tessera to accommodate such discovery, Tessera insisted on keeping the June 2017 trial date

8    and told the Court it would proceed without asserting infringement contentions. Dkt. 249 at 2.

9    This Court then gave Tessera a firm deadline of December 2, 2016 to identify asserted patents

10   and provide infringement contention disclosures. Dkt. 253 at 2.  The Court said at that time that

11   should Tessera decide to disclose patent infringement contentions, the remaining Patent Local

12   Rules would be triggered. *Id.*  Tessera chose to not assert any patents.

13         Forty-nine days later, and with no notice to Toshiba, Tessera served approximately 150

14   pages of expert reports that discuss and rely on infringement theories (or pseudo-infringement

15   analysis). *See* Dkt. 296-1 (Tessera's Expert Report of Dr. Bravman); Dkt. 296-2 (Tessera's Expert

16   Report of Jeffrey Kinrich).  Toshiba will move to strike these improper, irrelevant, and prejudicial

17   opinions in a separate motion on the basis that (i) they introduce patents, claims, theories, and

18   products not specifically, indeed not at all, identified in Tessera's infringement contentions, and (ii)

19   their discussions of Tessera's product definition theory of the case are improper and highly

20   prejudicial. *See* Dkt. 284 (citing *Finisar Corp. v. Nistica, Inc.*, Case No. 12-cv-03345-BLF, Dkt.

21   367 at 14 (N.D. Cal. Dec. 1, 2015)).  As Toshiba will explain in more detail in its motion to strike,

22   those expert opinions should not be admitted into evidence in this case.

23       **ii.**    **California Statute of Limitations Bars Claims for Royalties Accrued Before May 2011**

24         Tessera filed the complaint in this case on May 12, 2015. Dkt. 1-1.  The TCC License is

25   governed by California law, and California's statute of limitations for breach of written contract

26   is four years. Ex. 1 at XVI.A; Cal. Cod. Civ. Proc. § 337.  "Generally, a cause of action for

27   breach of contract 'accrues at the time of the breach' and the statute begins to run 'regardless of

28

whether any damage is apparent or whether the injured party is aware of their right to sue.'" *Gabriel Tech. Corp. v. Qualcomm Inc.*, 857 F. Supp. 2d 997, 1010 (S.D. Cal. 2012) (quoting *Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F. Supp. 2d 1127, 1134 (N.D. Cal. 2006)). An "obligation to pay periodic royalties renders each breach of that obligation separately actionable," and thus breaches which occurred prior to the limitations period are "undoubtedly time-barred." *Gilkyson v. Disney Enterprises, Inc.*, 244 Cal.App.4th 1336, 1343, 1345-46 (2016). Any breach of contract claims that accrued prior to May 2011 are thus time-barred by California law. Tessera cannot claim royalty damages for any infringement that occurred prior to May 2011, and as a corollary, on any patents that expired prior to May 2011 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■.

### B. Tessera's Audits Cannot and Did Not Create Independent Obligations Beyond the Patent Infringement-Based Obligations of the TCC License (Tessera's Counts I and II, Toshiba's Count II, ¶23)

Tessera claims that even though there is no infringement-based royalty basis for damages, Toshiba must still pay a total of close to $100 million that Tessera's hired auditors from KPMG reported in a 2011 Report (which related to Q1 2005 through Q2 2009) and a 2015 Report (which related to Q3 2009 through Q4 2014). Dkt. 268-4 at 24:18-26:14; Dkt. 152-9 at 10:14-28. Toshiba disputes whether these were audits at all, but for the sake of simplicity here, will refer to the work conducted and the reports issued as "audits" in this motion.

The parties resolved all issues relating to ■■■■■■■ through June 30, 2009 by settlement and release. Ex. 4. Only two issues remained after that settlement from the 2009 audit—whether Toshiba should pay on ■■■■■■■■■■■■■■■■■ and whether Toshiba should pay ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ under the TCC License. It is undisputed that the auditors never performed patent infringement analysis regarding ■■■■■■■ or any products for that matter, in the 2009 audit or the 2015 audit and never considered patent infringement coverage in determining which products to include in their reports. Ex. 5 at 50:6-15, 135:2-11, 136:4-11, 136:18-138:17, 189:14-22, 217:5-8, 225:6-24, 276:3-8; Ex. 6 at 114:4-13. It is also undisputed that the 2015 audit was conducted during this litigation, and that Toshiba objected to Tessera's and KPMG's attempt to audit Toshiba because

the parties were in the midst of litigation. *See* Ex. 7 at TOSH 00023167; Ex. 9 at TOSH 00023203; Ex. 10 at TOSH00028468–69. (Toshiba also objected that KPMG was not an independent auditor as required by the TCC License. *See* Ex. 8 at TOSH 00023198; Ex. 11 at TOSH 00028546.)

### i. Audits Cannot Create Non-Contractual Royalty Obligations

Tessera's "audit" claims fail for the same reasons that its royalty breach claims fail. An audit cannot give rise to independent liability if the underlying license does not require payment of royalty. The Financial Audit provision of the TCC License clearly states that the examination and audit are to determine "fees payable under this Agreement" and describes the amounts as "royalties due and owing to Tessera"—not a separate payment obligation. Ex. 1 at XI.A. KPMG's audit reports also call KPMG's reported numbers "royalties due," "royalty underreporting," and "unreported royalties." Ex. 12 at TSRA-1734, 1737; Ex. 13 at TSRA-1785. Tessera forfeited its right to claim that any royalties are due when it identified no patents and disclosed no patent infringement contentions.

Additionally, it is undisputed that the KPMG auditors never performed any patent infringement analysis and never even considered patent claim scope or patent infringement in their work. Ex. 5 at 50:6-15, 135:2-11, 136:4-11, 136:18-138:17, 189:14-22, 217:5-8, 225:6-24, 276:3-8; Ex. 6 at 114:4-13. When KPMG first mentioned that it would apply royalties to ▌▌▌, Toshiba objected that ▌▌ were not covered under the TCC License. Ex. 14 at TOSH 00022799. Toshiba never agreed that ▌▌ infringed any of the licensed patents. Without Toshiba's agreement or any patent infringement-basis, KPMG was wrong to assume and then conclude that ▌▌▌▌ were royalty-bearing.

Tessera's failure to assert infringement under the PLRs means that the audit claim must fail as unsupported. KPMG's admitted failure to demonstrate or even consider infringement also means the audit claim must fail. In particular, neither Tessera nor KPMG has shown any basis for applying royalties to ▌▌▌▌ under the infringement-based TCC License. The numbers listed in KPMG's reports plainly have nothing to do with royalties owed, due, or underpaid based on patent infringement. Tessera cannot salvage its so-called "audits" without

complying with the Court's requirement to identify patents and claims and disclose and prove patent infringement. Summary judgment must be granted because KPMG did not perform a reasonable royalty review in either audit, because KPMG never determined infringement before assessing amounts due under the TCC License, and because to this day neither KPMG nor Tessera has made a requisite showing of infringement to prove that royalties are owed.

Furthermore, to interpret the Financial Audit provision as creating a liability for Toshiba to pay where Toshiba received no patent license consideration in return is to render it a legal nullity. It is Contracts 101 that a contract is not enforceable unless there is an exchange of consideration. The bargained-for exchange of consideration in the TCC License is plainly laid out: "licensee shall pay running royalties for the license granted in Paragraph II.A. . . for TCCs made by Licensee hereunder" (Ex. 1 at III.B), and in exchange Paragraph II.A "grants Licensee . . . a limited license to the Tessera Patents to package and/or assemble ICs in to TCCs and use or sell such TCCs" (Ex. 1 at II.A). The Financial Audit provision merely permitted Tessera to hire an independent CPA as an auditor to examine the accuracy of Toshiba's payments made under Paragraph III.B. Ex. 1 at XI.A. CPA auditors review financial records; they are not patent attorneys, judges, or arbitrators. Merely because KPMG wrote down a number and Tessera called it "final" did not create a royalty obligation where one would not otherwise exist.

### ii. "Final" Audit Findings Can Be Challenged in Court Under the Dispute Resolution Provision in the Governing Law Clause of the TCC License

Tessera attempts to side-step the patent infringement requirement under the TCC License by claiming that because the agreement says "[t]he results of such audit shall be final," the audit report cannot now be disputed, challenged or appealed 30 days after they are issued regardless of whether the auditors applied the right license scope and interpretation. The issued report would be final for the auditor and the audited period, but nothing in XI.A supports a complete waiver of any and all challenges in any forum. Toshiba is certainly allowed to challenge the audits in court. A contrary interpretation which precluded all challenges despite the auditor's serious error, failure to follow the Agreement, lack of basis for its conclusions, or fraud would be absurd.

1    Indeed, the language of the dispute resolution provision in the Governing Law clause of
2 the TCC License broadly covers "***any*** disputes, controversies, claims or difference which may
3 arise from, under, out of or in connection with this Agreement."  Ex. 1 at XVI.A (emphasis
4 added).  The dispute resolution provision does not exclude a dispute regarding an audit, nor does
5 the Financial Audit provision say that "final" means unchallengeable, non-appealable, or
6 beyond the "any disputes, controversies, claims or difference" language of the Governing Law
7 clause.  Ex. 1 at XI.A.  Furthermore, the Governing Law clause explicitly says that "[i]f such
8 disputes, controversies, claims, or differences cannot be settled between the parties, any
9 litigation between the parties relating to this Agreement shall take place in San Jose,
10 California."  Ex. 1 at XVI.A.  Clearly, any audit dispute may be taken to court.

11   Indeed, the course of dealing between Tessera and Toshiba demonstrates that neither
12 party considered the audits unchallengeable or non-appealable.  After the 2011 Report issued,

13 [REDACTED]
14 [REDACTED]
15 [REDACTED]
16 [REDACTED]
17 [REDACTED]
18 [REDACTED]
19 [REDACTED]
20 [REDACTED]
21 [REDACTED]
22 [REDACTED]

23 in accordance with the dispute resolution provision of the TCC License.  Ex. 1 at XVI.A ("Both
24 parities [sic] shall use their best efforts to resolve by mutual agreement any disputes,
25 controversies, claims or difference [sic] which may arise from, under, out of, or in connection
26 with this Agreement.").  When the dispute could not be settled, this litigation was filed, also in
27 accordance with the dispute resolution provision of the TCC License.  Ex. 1 at XVI.A ("If such
28 disputes, controversies, claims, or differences cannot be settled between the parties, any

litigation between the parties relating to this Agreement shall take place in San Jose, California."). All of the above indicate that neither party interpreted the word "final" in the Financial Audit provision to be akin to a final and binding arbitration clause. As the dispute resolution provision explicitly states, "*any* disputes, controversies, claims or difference which may arise from, under, out of, or in connection with this Agreement" can be litigated. *Id.*

Toshiba can certainly challenge the findings of the KPMG audits in this litigation as provided in the dispute resolution provision of the TCC License, and Toshiba's Count II, ¶ 23 should be granted. In the absence of any infringement assertions to support the KPMG audits, summary judgment should be granted as to Tessera's Counts I and II regarding the audits.

### iii. Tessera's Claims for Amounts Reported in KPMG's 2011 Report are Time-Barred

Tessera's claims for any amounts reported in the 2011 Report are time-barred as Tessera was aware of the precise amount of the audit results more than four years before it filed this case. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 18. This initial report put Tessera on notice regarding the full audit report amounts. KPMG then issued a "final" version of the report to Tessera on May 17, 2011. Ex. 12. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *Compare* Ex. 12 at TSRA-1733 *to* Ex. 18 at KPMG-414. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Tessera filed this case in May 2015, more than four years after it received notice of the 2011 Report amounts. Dkt. 1-1. Tessera's claims based on the 2011 Report are time-barred under Cal. Cod. Civ. Proc. § 337.

### iv. Tessera's Claims for Any Amounts Accrued Prior to May 2011 are Time-Barred

Similarly, Tessera's claims on any amounts accrued and issues that occurred prior to May 2011 are also time-barred. The alleged underpayments reported in KPMG's 2011 Report are all time-barred. The 2011 Report ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Tessera received quarterly royalty reports from Toshiba for those periods, and royalties for

those periods accrued before May 2011.  Pre-May 2011 alleged underpayments reported in KPMG's 2015 report are time-barred as they accrued more than four years before Tessera filed this lawsuit.

Tessera's claims for ▮▮▮▮ are also time-barred.  Every royalty report received since 1999 clearly showed the amount of royalties due without any ▮▮▮▮.  *See, e.g.,* Dkt. Nos. 159-5 (compilation of sample royalty reports from 1999–2002), 159-10 (compilation of sample royalty reports from 2002–2009).  Tessera's 30(b)(6) witness admitted that ▮▮▮▮ "can be reflected in the royalty rate column" on the royalty report form.  Ex. 2 at 138:1–19.  And ▮▮▮▮.  *See, e.g.*, Ex. 19; Ex. 20; Ex. 21; Ex. 21; Ex. 23.  Thus, Tessera was on notice of a claim ▮▮▮▮ upon the receipt of each royalty report since 2002, and California's statute of limitations was triggered upon receipt of each report.

Furthermore, as ▮▮▮▮, there must be some underlying basis for ▮▮▮▮  As stated above, all claims for obligations that accrued before May 2011 are barred.  Thus, any ▮▮▮▮ accrued before May 2011 and are also time-barred.

Also, again because ▮▮▮▮, until and unless Tessera proves patent infringement-basis for royalties it claims are owed, no ▮▮▮▮ to those alleged underpayments.

Toshiba did not owe royalties beyond those it already paid ▮▮▮▮ ▮▮▮▮ more than four years before Tessera filed this lawsuit.

    **v.**    **2015 KPMG Report Was Not an Audit Under the TCC License or Industry Standards**

KPMG's work in 2015 and the 2015 Report itself was not an "audit" as defined by the TCC License or by industry standards.  (Again, Toshiba refers to it as an audit for simplicity's sake only.)  The Financial Audit provision under the "Reasonable Audit" section of the TCC License authorizes an audit of "all records of Licensee."  Ex. 1 at XI.A.  It is undisputed that

KPMG did not examine, audit, or have access to Toshiba's actual records.  Ex. 7; Ex. 9; Ex. 10; Ex. 11; Ex. 13 at TSRA-1784.  Toshiba did not permit KPMG to review any of Toshiba's records for the 2015 audit because the parties and the relevant disputes were already in litigation.  *See* Ex. 7; Ex. 9.  Toshiba also objected to the lack of independence of the KPMG auditors.  *See* Ex. 8 at TOSH 00023198; Ex. 11 at TOSH 00028546–47.  KPMG conducted no patent infringement analysis of whether *any* Toshiba product practiced the claims of any unexpired Tessera patent during the audit period.  Ex. 5 at 50:6-15, 135:2-11, 136:4-11, 136:18-138:17, 189:14-22, 217:5-8, 225:6-24, 276:3-8; Ex. 6 at 114:4-13.  KPMG did not use actual Toshiba records or data, but rather made estimates based on ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ "opinions ▬▬▬▬▬▬▬▬▬▬ and should not be construed as statements of fact."  *See, e.g.*, Ex. 24 at KPMG-3108, KPMG-3144, KPMG-3148, KPMG-3169, KPMG-3182, KPMG-3236, KPMG-3271.

KPMG's alleged audit performed in 2015 and the 2015 Report do not meet the definition of "audit. . . of all records of Licensee" under the TCC License.  KPMG's alleged audit performed in 2015 and the 2015 Report do not meet any industry understanding of an audit, as audits must be based on actual records and data.

**vi.      Toshiba Provided All Records as Required Under the Financial Audit Clause**

To the extent Tessera asserts a claim for noncooperation with any attempted audit, these claims are time-barred, Tessera has no evidence that Toshiba did not comply with the TCC License, and Tessera has no proof that it was damaged by any alleged failure to cooperate.

First, any claims for noncooperation related to the 2011 audit have lapsed under the statute of limitations.  KPMG had completed the audit by the time it sent t▬▬▬▬▬▬▬ ▬▬ to Tessera, which alleged Toshiba had failed to cooperate.  Ex. 18 at KPMG-413.

In addition, the TCC License gives Tessera the right to examine and audit "all records of Licensee that may contain information bearing upon the amount of fees payable under this Agreement."  Ex. 1 at XI.A.  As to the ▬▬▬▬▬▬▬▬▬▬▬▬▬ KPMG audited Toshiba, prepared its report and agreed that the underpayment amount they reported was wrong.  Tessera and Toshiba settled on the corrected amount for ▬▬▬▬▬▬▬▬▬▬▬▬ between the

1   parties, which clearly states that "███████████████████████████████████████

2   ███████████████████████████████████████████████████" Ex. 4 at TOSH

3   783. Tessera has thus, at a minimum, released any claims with respect to ████████

4   ████████████████ including any claims regarding failure to cooperate, █████████

5   █████████████████████ Ex. 12 at TSRA-1731-32. As for ████████████ after fifteen

6   months of discovery in this case including extensive production of technical documents for

7   ███████████ and with discovery now closed, Tessera has not made a proper disclosure or

8   allegation that Toshiba's ██████████ infringed under the PLRs. Tessera has made no

9   predicate showing that any royalties were due at all. Thus, Tessera has made no showing that

10  any of Toshiba's records contained information bearing upon royalties due. Indeed, because it

11  has now been established that no royalties were due under the patent infringement-based TCC

12  License ████████████████████ for which Toshiba already paid and gave records,

13  including royalty reports), Tessera had no right to examine or audit through the CPA firm any of

14  Toshiba's other records. Additionally, as KPMG never identified a product that practiced a

15  claim of a licensed patent, Tessera cannot legitimately complain that Toshiba did not cooperate

16  with the auditors. The auditors did not have *carte blanche* to inspect every Toshiba record. The

17  auditors were limited to inspect records relevant to royalty-bearing products. The auditors never

18  addressed the first requirement of patent infringement coverage.

19       Tessera also has no evidence of any damages from such claim, as Tessera cannot establish

20  that any such audit would have resulted in royalties being due (because Tessera has alleged no

21  patent infringement-basis to claim that Toshiba owes royalties under the TCC License). Tessera

22  chose to give up on showing patent infringement-based royalties and thus chose to give up on

23  claims that it was harmed by any alleged failure to cooperate with the audits.

24       **C. Toshiba's February 2016 Termination was Effective Because Tessera Failed to Prove Toshiba's Use of the Relevant Tessera Patents (Toshiba's Count III)**

25

26       In light of Tessera's failure to assert any use or infringement of any Tessera patent after

27  this Court's November 2016 summary judgment order, Toshiba renews its motion for summary

28  judgment on termination on these new affirmative grounds. Absent any assertion of use or

infringement, Toshiba was entitled to terminate the license for non-use of the relevant Tessera Patents, regardless of the meaning of the phrase "relevant" Tessera Patents.

### i. Tessera Patents Licensed Under the TCC License Consist of Those "Issued Patents Set Forth in Attachment A" of the 1999 TCC License

The term Tessera Patents is defined to be the "issued Patents set forth in Attachment A" as of April 1, 1999. The TCC License expressly called for Attachment A to "be amended from time to time" to include any additional issued Tessera Patents that the parties agreed would be part of the license. Ex. 1 at I.D. The TCC License is fully integrated and any amendment "must be in writing, dated and signed by both parties hereto." Ex. 1 at XVI.I. There was no such amendment adding patents to Attachment A of the TCC License. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Tessera does not dispute this last fact. Ex. 25 at 17:22-18:4; Ex. 2 at 32:1-13, 37:3-21; Ex. 26; Ex. 27. Thus, the Tessera Patents licensed under the TCC License are those ▮ issued patents in the 1999 Attachment A. Ex.1 at TOSH 811-813.

### ii. Tessera Failed to Carry Its Burden to Show Infringement Against Toshiba's Declaratory Judgment Claim

The Court previously found that Toshiba has the unilateral right to terminate upon non-use. Dkt. 241 at 20. The burden of showing use lies with Tessera. *See Medtronic, Inc.* 134 S. Ct. 843. Justice Breyer's unanimous decision held that, when a licensee seeks a declaratory judgment against a patentee to establish that there is no infringement, the burden of proving infringement remains with the patentee. *Id.* at 849–50. The present request for declaratory judgment for termination based on "non-use" is no different.

"[R]elevant Tessera Patents licensed hereunder" cannot include patents not licensed under the TCC License. Regardless of which patents are the "relevant Tessera Patents" of the Termination Clause, the fact that Tessera has not asserted ***any*** patents is sufficient to preclude any further argument that Toshiba is using patents or was using patents in February 2016. Toshiba asserts by its declaratory judgment claim that it was not using any of the relevant Tessera Patents, and Tessera has failed to carry its burden to prove Toshiba was using patents

when Tessera received the February 2016 termination letter. Because Tessera has failed to make the predicate allegation of patent use against Toshiba's declaratory judgment claim, Toshiba respectfully asks the Court to grant judgment that Toshiba was entitled to terminate the TCC License at any time after September 24, 2010 and did terminate on February 16, 2016 when Tessera received the termination letter. Additionally, because the last to expire of the ▇ licensed Tessera Patents expired on September 6, 2016, the TCC License expired on September 6, 2016. *See* Decl. of A. Liang at ¶ 5. Should the Court decide not to grant declaratory judgment that the February 2016 letter terminated the TCC License, Toshiba respectfully requests the Court to enter judgment that the TCC License expired on September 6, 2016.

## IV.   Conclusion

For the foregoing reasons, Toshiba respectfully requests the Court enter a take-nothing judgment on Tessera's Count I for Breach of Contract based on the royalty underpayments, audit payments, cooperation with audits, and termination and Tessera's Count II for Breach of Implied Warranty of Good Faith and Fair Dealing on the same issues. Toshiba respectfully requests that the Court enter judgment for Toshiba on Toshiba's Count III for Declaratory Judgment on Termination declaring that Toshiba was entitled to terminate the TCC License at any time after September 24, 2010 (Third Count of Toshiba's First Amended Counterclaim) and did terminate on February 16, 2016. These counts can now all be resolved because:

1. Tessera forfeited any claim that royalties are owed.
2. Tessera's claims to any amounts accrued or noticed before May 15, 2011 are time-barred.
3. Toshiba is not required to pay amounts in KPMG's "audit" reports because they are not supported by patent infringement coverage or by actual data.
4. A "final" audit does not mean the audit cannot be reviewed by this Court or in this case.
5. Toshiba owes no damages for any alleged failure to cooperate with KPMG's audits.
6. The Agreement was terminated in February 2016 and/or expired in September 2016.

Once these four counts are resolved, the only outstanding dispute will be whether and how much Tessera must refund Toshiba for royalties that were overpaid after September 24, 2010.

Dated: February 14, 2019

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ G. Hopkins Guy, III*
    G. Hopkins Guy, III

*Attorneys for Defendant
Toshiba Corporation*